FILED
March 11, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002478195

**3**

T. SCOTT BELDEN, CSB NO. 184387
LISA HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
E-mail: sbelden@kleinlaw.com; lholder@kleinlaw.com

Attorneys for Jeffrey M. Vetter, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MARCELO URIBE and<br>ELIZABETH URIBE,<br><br>        Debtors. | Case No. 08-18564-B-7<br><br>Chapter 7<br><br>DC No. KDG-6<br><br>**MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY**<br><br>Date: April 8, 2010<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>       1300 18th Street, Ste. A<br>       Bakersfield, California<br>Judge: W. Richard Lee |

Jeffrey M. Vetter, Chapter 7 Trustee, respectfully represents:

**I.    INTRODUCTION**

The Trustee moves the Court for authority to sell the estate's interest in the real property located at 63 Bryant Street, Bakersfield, California 93307 ("the Real Property") to Elena Gomez ("Buyer") for $105,000.00. The Trustee believes that the sale of the estate's interest in the real property to Buyer is in the best interest of the estate because Buyer has secured funding and escrow will be able to close within thirty days of approval of the sale. Additionally, the Real Property is the only asset of the estate and the Trustee will be able to complete the administration of the Chapter 7 case filed by Marcelo and Elizabeth Uribe ("Debtors") once the sale is approved and escrow can close.

**II.    FACTUAL BACKGROUND**

    1.    Jeffrey Vetter is the duly appointed, qualified, and acting Trustee in the case.

2.      The Court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. Section 157(b)(2)(A) & (N).

3.      Debtors filed under Chapter 7 on December 29, 2008. Debtors did not list the Real Property in their <u>Schedule A – Real Property</u>. Debtors had transferred their interest in the Real Property to their daughter pre-petition. However, Debtors' daughter transferred the Real Property back to the estate without litigation by Grant Deed.

4.      Debtors reside at the Real Property and it is owned free and clear of any liens. Debtors are not entitled to claim an exemption in the Real Property because they had voluntarily transferred it to their daughter pre-petition and it was recovered by the Trustee for the benefit of creditors.

5.      The Trustee will be filing a Third Application for Order Authorizing the Employment of Real Estate Broker on or about March 11, 2010 which seeks authorization to employ Miramar Real Estate Group ("Miramar"). Ms. Ybarra changed employers after the first of the year and is currently an employee of Miramar. However, due to Ms. Ybarra's familiarity with the case and the Real Property, the Trustee believes it is in the estate's best interest to employ Miramar. The proposed employment of Miramar is under the same terms and conditions of the prior real estate broker.

6.      Miramar received an offer from Elena Gomez ("Buyer") to purchase the Real Property for $105,000.00. The Trustee has accepted the offer and believes $105,000.00 represents the fair market value of the Real Property and the best price obtainable under the conditions of Debtors' Chapter 7 case. However, the sale of the Real Property is subject to higher and better bids at the time of the hearing.

7.      The Trustee and Buyer executed and entered into a *California Residentail Purchase Agreement and Joint Escrow Instructions* and Counter Offer 1 ("Agreement"). A copy of the Agreement is attached as Exhibit "A" to the <u>Exhibits in Support of Motion for Order Authorizing Trustee to Sell Real Property</u> filed concurrently herewith.

8.      The Trustee believes that the sale of the Real Property to Buyer is in the best interest of the estate because it will yield approximately $95,201.23 to be distributed to

creditors. The Trustee's opinion regarding the amount to be available to the estate is based on the information contained in Debtors' schedules and the following calculation:

| | |
|---|---|
| Offer: | $105,000.00 |
| Approximate Amount of Secured Claims: | $ 1,398.77[1] |
| Debtor's Exemption | $ 0.00 |
| Approximate Cost of Sale (12% of Sales Price) | $ 8,400.00 |
| **Approximate Amount to be Paid to Estate:** | **$ 95,201.23** |

9. Although the sales price to Buyer is less than the market value amount estimated by Ms. Ybarra in the Third Application for Order Authorizing Employment of Real Estate Broker, the Trustee believes that the offer is in the best interest of the estate because of the current real estate market and the fact that the Real Property has been on the market for so long. The sale of the Real Property to Buyer allows the Trustee to finalize the administration of the estate and make a distribution to creditors.

### III. CONCLUSION

Wherefore, the Trustee prays for an order providing that:

1. the Motion be granted;

2. he be authorized to sell the estate's interest in the Real Property to Buyer for $105,000.00, subject to higher and better bids;

3. he be authorized to execute all documents necessary to effectuate the sale of the estate's interest in the Real Property to Buyer;

4. that the stay of order provided under Bankruptcy Rule 6004(h) be waived; and

5. for such other relief as the court determines is just and proper.

Date: March 11, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Lisa Holder
LISA HOLDER, ESQ.
Attorneys for Jeffrey Vetter,
Chapter 7 Trustee

---

[1] The secured claims represent estimated property taxes owed for 2009-2010. According to the Kern County Assessor's Office website, Debtors have not paid the first installment due on December 10, 2009.

00580446.000.DOC　　3